IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TEMPORASAN FALCON, an individual,

      Plaintiff,

v.                                                                                     No. 2:16-cv-00636

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; JOHN and JANE DOES I-X; BLACK and
WHITE Corporations I-X; ABC PARTNERSHIPS
I-X; and ABC ORGANIZATIONS I-X,

      Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

To: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COMES NOW Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by its undersigned attorneys, Guebert Bruckner P.C., and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and D.N.M.LR-Civ 81.1, hereby gives notice of the removal of this action. In support of this Notice of Removal, State Farm states as follows:

1. On June 7, 2016, Plaintiff filed an Amended Complaint asserting claims of negligence, and breach of contract in the Fifth Judicial District Court, County of Lea, State of New Mexico. The case was docketed as Fifth Judicial District Court Cause No. D-506-CV-2016-00331. A copy of the Amended Complaint is attached hereto in **Exhibit A**.

2. As set forth below, with the filing of Plaintiff's Amended Complaint, traditional diversity jurisdiction exists because Plaintiff has different citizenship than State Farm, his individual claims satisfy the $75,000 jurisdictional limit of 28 U.S.C. § 1332(a), and State Farm is not a citizen of New Mexico. Further, as set forth below, State Farm has satisfied all procedural requirements for removal.

**I.     STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

3.      Plaintiff filed his original Complaint on March 17, 2016. **Exhibit B**. There, Plaintiff alleges he was a resident of Lea County, New Mexico. Plaintiff named as a Defendant, his wife, Rosalva Falcon, similarly a resident of Lea County, as well as State Farm and a number of "Doe" Defendants.

4.      Before the parties answered, Plaintiff filed an Amended Complaint. **Exhibit A**. The Amended Complaint asserted claims against State Farm and the "Doe" Defendants. As such, Plaintiff dismissed Mrs. Falcon as a Defendant.

5.      Plaintiff's Amended Complaint was filed on June 7, 2016. *Id.*

6.      "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1).

7.      However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

8.      Plaintiff's initial Complaint lacked the diversity of citizenship required for removal. It was not until the Plaintiff filed his Amended Complaint that completed diversity of citizenship existed. As such, removal is timely and proper as it was performed within 30 days of

the filing of the amended pleading and it could be ascertained that the case was one which had become removable. 28 U.S.C. §1446(b)(3).

9. Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon State Farm in the Fifth Judicial District Court No. D-506-CV-2016-00331. **Exhibit C**.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Fifth Judicial District Court, Lea County, New Mexico.

11. With the filing of the Amended Complaint, State Farm is the only named Defendant. As a result, consent to removal from other Defendants is not at issue. Likewise, State Farm is not a citizen of New Mexico. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

II. **THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.**

A. **Complete Diversity Exists Between Plaintiff and Defendant**

12. It is well settled that State Farm Mutual Automobile Insurance Company is a citizen of Illinois for the purposes of federal jurisdiction, as it is organized under the laws of Illinois, and its principal place of business is in Illinois. *See* 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 685 F. Supp. 2d 1123, 1126 (D. Haw. 2010) ("State Farm Mutual Automobile Insurance Company[] is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois."); *State Farm Mut. Auto. Ins. Co. v. Logan*, 444 F. Supp. 2d 622, 624 (D.S.C. 2006) (identifying Illinois as State Farm's principal place of business); *State Farm Ins. Co. v. Taylor*, 293 F. Supp. 2d 530, 531 (E.D. Pa. 2003) (same).

13. Plaintiff Falcon is a citizen of New Mexico, Lea County. **Exhibit A**, Amended Complaint ¶ 1.

14. Because State Farm is a citizen of Illinois for purposes of federal jurisdiction and because Plaintiff Falcon is a citizen of New Mexico, Lea County, complete diversity exists between the parties.

### B. The $75,000 Amount in Controversy is Satisfied

15. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. §1446(c)(2).

16. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks…a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. §1446(c)(2)(A). Additionally though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. §1446(c)(2)(B)

17. For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

18. The Complaint does not allege a specific amount of damages. However, the New Mexico rules of civil procedure generally prohibit the inclusion of a specific amount of claimed damages. *See* Rule 1-010(B) NMRA ("Unless it is a necessary allegation of the

4

complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

19. "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001).

20. Here Plaintiff does not cap his damages in any way, and avoids making any stipulation that he is not seeking individual damages in excess of the $75,000 jurisdictional amount. Rather, as to State Farm, the Amended Complaint alleges breach of contract, and "an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1." **Exhibit A**, Amended Complaint ¶¶ 22, 26. Plaintiff also prays for special and general damages, litigation costs, pre-judgment interest, post-judgment interest, reasonable attorneys fees and costs, punitive damages, and an early mediation at Defendant's cost. *Id.* at p. 5. In addition, Plaintiff requests "other relief as the Court may deem just and proper." *Id*. An examination of Plaintiff's claims establishes that Plaintiff has put far more than $75,000 in controversy.

21. To begin, the Complaint alleges that a tortfeasor was negligent, and such negligent was the cause of Plaintiff's damages, including "great physical pain and suffering, medical expenses, emotional distress, pain and suffering and future loss of life's enjoyment." *Id.* ¶¶ 17–18.

22. As alleged in the Amended Complaint, the tortfeasor is uninsured and State Farm "is responsible for paying all damages sustained by Plaintiff, up to the amount of insurance coverage." *Id.* ¶¶ 19–20.

23. The amount of insurance coverage of the underinsured motorist policies at issue total $100,000.  **Exhibit D**, Guebert Aff. ¶ 6.  The substance and nature of the injuries and damages described in Plaintiff's Complaint and his claimed damages, combined with Plaintiff's prayer for relief for damages in an amount to compensate for his alleged personal injuries is enough to satisfy the $75,000 requirement.  *Id.* ¶ 7.

24. Nevertheless, based on the experience of lead counsel for State Farm--who has been actively involved in the evaluation of the personal injuries asserted by Plaintiff and who, over the course of his 40-year career, has tried in excess of 80 cases to juries in New Mexico and has evaluated hundreds of claims made against insurance companies and their insureds--if Plaintiff's claim of a bad faith denial of insurance benefits were accepted by a jury, the total damages would be in excess of $75,000.00.  *See id.* ¶¶ 3–4, 7.

25. The opinion of Mr. Guebert is confirmed through actual jury awards in bad faith cases, which the Court may properly consider when determining the amount in controversy.  *See, e.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450–51 (S.D. Cal. 1995) (comparing damages in other insurance bad faith cases in denying motion to remand); *Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. Va. 2002) (comparing range of punitive damages awards in other cases in denying motion to remand).  Jury awards in bad faith cases have included sizeable amounts for punitive damages.  *See Haberman v. The Hartford Ins. Group*, 443 F.3d 1257 (10th Cir. 2006) (affirming award of $100,000 in punitive damages); *Vining ex. rel Vining v. Enter. Fin. Group*, 148 F.3d 1206 (10th Cir. 1998) (affirming award of

$400,000 in punitive damages); *Markham v. Nat'l States Ins. Co.*, 122 Fed. Appx. 392 (10th Cir. 2004) (unpublished) (affirming award of $150,000 in punitive damages). Thus, Plaintiff's demand for punitive damages, which must be considered to be part of the amount in controversy, independently satisfies the $75,000 threshold. **Exhibit A**, Amended Complaint, at p. 5.

26.     Plaintiff also seeks to recover his attorney's fees, which can be significant in bad faith cases and must be included as part of the amount in controversy. *See Vining*, 148 F.3d at 1212 (affirming award of $94,223.75 in attorney's fees against insurer); *Markham*, 122 Fed. Appx. 392 (unpublished) (affirming award of $103,830 in attorney's fees against insurer); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) (affirming award of $64,000 in attorney's fees against insurer).

27.     Plaintiff's broad request for "other and further relief as the Court deems just and reasonable" potentially places additional categories of damages at issue for the amount in controversy calculation. *See* UJI 13-1716, NMRA (damages in a bad faith lawsuit include "[t]he amount of any incidental or consequential loss to the plaintiff. Any damages found by you for this loss must be damages which the insurance company and the policyholder could reasonably have expected to be a consequence of the company's failure to perform its obligations under the insurance policy.").

28.     Adding Plaintiff's claims for compensatory damages, punitive damages, attorney's fees, mental anguish and emotional distress, as well as potential claims for "other relief," established the amount in controversy for Plaintiff's claims certainly exceeds $75,000.

29.     State Farm reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

GUEBERT BRUCKNER P.C.

By     */s/ David C. Odegard*
         Terry R. Guebert
         David C. Odegard
         P.O. Box 93880
         Albuquerque, NM 87199-3880
         (505) 823-2300
         tguebert@guebertlaw.com
         dodegard@guebertlaw.com
         *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

This is to certify that on this 22nd day of June, 2016, the foregoing Notice of Removal to the United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, and that I caused a copy of the same to be served by email to:

Joseph M. Zebas
Zebas Law Firm, L.L.C.
P.O. Box 1675
Hobbs, NM 88241
(575) 393-1024
joe.zebas@zebaslaw.com
*Attorney for Plaintiff*

*/s/ David C. Odegard*
Terry R. Guebert
David C. Odegard
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

F:\Clients\0102.207bf\Pleadings\2016.06.22. Notice of Removal.docx/jty