**FIFTH JUDICIAL DISTRICT**
**COUNTY OF LEA**
**STATE OF NEW MEXICO**

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/7/2016 3:28:22 PM
NELDA CUELLAR
Maria Torres

TEMPORASAN FALCON, an individual,  )
                                    )
           Plaintiff,               )
    vs.                             )      **AMENDED COMPLAINT**
                                    )      Tortfeasor - Motor Vehicle
STATE FARM MUTUAL AUTOMOBILE        )
INSURANCE COMPANY; JOHN and JANE    )
DOES I-X, BLACK and WHITE           )
CORPORATIONS I-X; ABC               )
PARTNERSHIPS I-X; and ABC           )
ORGANIZATIONS I-X,                  )
                                    )
           Defendants.              )
                                    )

Plaintiff, in her claim against the Defendants and each of them, allege as follows:

1. Plaintiff Temporasan Falcon is a resident of Lea County, State of New Mexico.

2. Tortfeasor Morgan Browning is an individual residing in Lea County, State of New Mexico.

3. Defendant State Farm Mutual Automobile Insurance Company (State Farm) provided uninsured/underinsured motorist benefits at all relevant times to Rosalva Falcon, who is the owner of the vehicle operated by Plaintiff and wife to the Plaintiff. At the time of the accident Plaintiff had authorization to operate the vehicle owned by Rosalva Falcon and several policies maintained by State Farm exist under Ms. Falcon's household.

4. Multiple attempts have been made to resolve the matter and State Farm has declined arbitration, therefore this is the Complaint for a trial *de novo* as provided in Rosalva Falcon's insurance contract.

-1-

**EXHIBIT A**

5. Defendants John and Jane Does I-X, Black and White Corporations I-X, ABC Partnerships I-X and ABC Organizations I-X are and, at all times mentioned herein, were persons, agents, servants, employees, corporations and/or business entities whose true names and identities are not known to Plaintiff at the present time. Plaintiff alleges, upon information and belief, that these Defendants are citizens and/or residents and/or authorized to do business and/or doing business, and/or operating in Lea County, New Mexico. At the present time, Plaintiff does not have the true names of John and Jane Does I-X, Black and White Corporations I-X, ABC Partnerships I-X and ABC Organizations I-X. However, at such time as any of these true names are ascertained, Plaintiff will seek leave of this Court to amend Plaintiff's Complaint to reflect the true identities of these individuals and/or entities, together with the appropriate charging allegations.

6. Pursuant to NMSA 38-3-1, this action properly lies in the Fifth Judicial District Court for the County of Lea in the State of New Mexico because, upon information and belief, (1) Defendants do business within, reside in, or has significant contacts within Lea County, New Mexico and (2) a substantial part of the events or occurrences giving rise to this claim occurred in Lea County, New Mexico.

7. Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

**FACTS AND PRELIMINARY STATEMENT**

8. On March 18, 2013, at approximately 8:13 a.m., Plaintiff was operating Rosalva Falcon's vehicle westbound on Marland at the intersection of Continental when the Tortfeasor, Morgan Browning, ran the stop sign causing a violent accident to occur.

9. The cause of the automobile collision was driver inattention by the Tortfeasor, Browning, who was cited for "careless driving".

10. As a direct and proximate result of the collision, Plaintiff suffered personal injuries.

11. Plaintiff's injuries are serious and will last indefinitely into the future.

12. Plaintiff has incurred past medical care, treatment and expenses and will incur future medical care, treatment and expenses due to this collision.

## COUNT I: NEGLIGENCE

13. As a direct and proximate result of the collision, Plaintiff suffered personal injuries.

14. At the aforesaid date and place, Tortfeasor had a duty to exercise ordinary care to prevent an automobile collision.

15. Tortfeasor had a duty to keep a proper lookout so as to avoid placing Plaintiff in danger and to prevent this automobile collision.

16. Tortfeasor had a duty to exercise ordinary care in approaching the intersection and stop for traffic that had the right away.

17. Tortfeasor knew or should have known that by failing to exercise ordinary care, by failing to keep a proper look out and stop for the posted stop sign that her conduct posed an unreasonable risk of harm to Plaintiff.

18. Tortfeasor breached her duties to Plaintiff, which breach directly and proximately caused Plaintiff to suffer injuries and damages including, but not limited to, great physical pain and suffering, medical expenses, emotional distress, pain and suffering and future loss of life's enjoyment.

19. Tortfeasor was an underinsured motorist and did not have sufficient insurance to pay for her misconduct.

20. Defendant, UM/UIM insurer, is responsible for paying all damages sustained by Plaintiff, up to the amount of insurance coverage.

## COUNT II: BREACH OF CONTRACT

21. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

22. Defendant State Farm's acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

23. Plaintiff is a third-party beneficiary to the contract Ms. Falcon had with Defendant State Farm. A third party may be a beneficiary of a contract, and as a beneficiary has an enforceable right against Defendant State Farm to the contract.

24. Ms. Falcon performed all conditions precedent to her contract with Defendant State Farm.

25. As a direct and proximate result of the breach of the Contract by Defendant State Farm, Plaintiff has suffered monetary damages necessary to restore to them that which was lost by Defendant State Farm's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorney fees and costs and any other damages in an amount to be determined at trial.

26. Defendant State Farm's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

27. Pursuant to the parent's auto policy maintained through State Farm, the Plaintiff is entitled to Uninsured Motorist Coverage.

28. State Farm contests the amount claimed to be paid to the Plaintiff under the UM portion of the insured's policy.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for all special damages and general damages as determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees and costs, punitive damages, as well as an early mediation at Defendants' expense as set forth in NMSA 1978 §57-12-1 et seq, and for such other relief as the Court may deem just and proper.

DATED this 7th day of June, 2016.

          ZEBAS LAW FIRM, L.L.C.
          By: /s/Joseph M. Zebas_____
              Joseph M. Zebas
              P.O. Box 1675
              Hobbs, NM 88241
              (575) 393-1024
              *Attorney for Plaintiff*