<table>
<tr><td>

**FIFTH JUDICIAL DISTRICT**
**COUNTY OF LEA**
**STATE OF NEW MEXICO**

TEMPORASAN FALCON, an individual,

    Plaintiff,

vs.

STATE FARM INSURANCE COMPANY;
ROSALVA FALCON; JOHN and JANE
DOES I-X, BLACK and WHITE
CORPORATIONS I-X; ABC
PARTNERSHIPS I-X; and ABC
ORGANIZATIONS I-X,

    Defendants.

</td><td>

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/17/2016 11:22:11 AM
NELDA CUELLAR
Maria Torres

**COMPLAINT**
Tortfeasor - Motor Vehicle

D-506-CV-2016-00331

Case assigned to Sanchez, Mark

</td></tr>
</table>

Plaintiff, in her claim against the Defendants and each of them, allege as follows:

1. Plaintiff Temporasan Falcon is a resident of Lea County, State of New Mexico.

2. Tortfeasor Morgan Browning is an individual residing in Lea County, State of New Mexico.

3. Defendant State Farm Insurance Company provided uninsured/underinsured motorist benefits at all relevant times to Rosalva Falcon, who is the owner of the vehicle operated by Plaintiff and wife to the Plaintiff. At the time of the accident Plaintiff had authorization to operate the vehicle owned by Rosalva Falcon and several policies maintained by State Farm exist under Ms. Falcon's household.

4. Multiple attempts have been made to resolve the matter and State Farm has declined arbitration, therefore this is the Complaint for a trial *de novo* as provided in Rosalva Falcon's insurance contract.

-1-

**EXHIBIT B**

5.      Defendants John and Jane Does I-X, Black and White Corporations I-X, ABC Partnerships I-X and ABC Organizations I-X are and, at all times mentioned herein, were persons, agents, servants, employees, corporations and/or business entities whose true names and identities are not known to Plaintiff at the present time. Plaintiff alleges, upon information and belief, that these Defendants are citizens and/or residents and/or authorized to do business and/or doing business, and/or operating in Lea County, New Mexico. At the present time, Plaintiff does not have the true names of John and Jane Does I-X, Black and White Corporations I-X, ABC Partnerships I-X and ABC Organizations I-X. However, at such time as any of these true names are ascertained, Plaintiff will seek leave of this Court to amend Plaintiff's Complaint to reflect the true identities of these individuals and/or entities, together with the appropriate charging allegations.

6.      Pursuant to NMSA 38-3-1, this action properly lies in the Fifth Judicial District Court for the County of Lea in the State of New Mexico because, upon information and belief, (1) Defendants do business within, reside in, or has significant contacts within Lea County, New Mexico and (2) a substantial part of the events or occurrences giving rise to this claim occurred in Lea County, New Mexico.

7.      Pursuant to the statutory and constitutional laws of the State of New Mexico, this Court has jurisdiction over the parties and the subject matter of this action.

## FACTS AND PRELIMINARY STATEMENT

8.      On March 18, 2013, at approximately 8:13 a.m., Plaintiff was operating Rosalva Falcon's vehicle westbound on Marland at the intersection of Continental when the Tortfeasor ran the stop sign causing a violent accident to occur.

9. The cause of the automobile collision was driver inattention by the Tortfeasor, Serrano, who was cited for "careless driving".

10. As a direct and proximate result of the collision, Plaintiff suffered personal injuries.

11. Plaintiff's injuries are serious and will last indefinitely into the future.

12. Plaintiff has incurred past medical care, treatment and expenses and will incur future medical care, treatment and expenses due to this collision.

## COUNT I: NEGLIGENCE

13. As a direct and proximate result of the collision, Plaintiff suffered personal injuries.

14. At the aforesaid date and place, Tortfeasor had a duty to exercise ordinary care to prevent an automobile collision.

15. Tortfeasor had a duty to keep a proper lookout so as to avoid placing Plaintiff in danger and to prevent this automobile collision.

16. Tortfeasor had a duty to exercise ordinary care in approaching the intersection and stop for traffic that had the right away.

17. Tortfeasor knew or should have known that by failing to exercise ordinary care, by failing to keep a proper look out and stop for the posted stop sign that her conduct posed an unreasonable risk of harm to Plaintiff.

18. Tortfeasor breached her duties to Plaintiff, which breach directly and proximately caused Plaintiff to suffer injuries and damages including, but not limited to, great physical pain and suffering, medical expenses, emotional distress, pain and suffering and future loss of life's enjoyment.

19. Tortfeasor was an underinsured motorist and did not have sufficient insurance to pay for his misconduct.

20. Defendant, as Ms. Falcon's UM/UIM insurer, is responsible for paying all damages sustained by Plaintiff, up to the amount of insurance coverage.

### COUNT II: BREACH OF CONTRACT

21. Plaintiff incorporates by reference all prior allegations as if set forth herein in full.

22. Defendant State Farm's acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

23. Plaintiff is a third-party beneficiary to the contract Ms. Falcon had with Defendant State Farm. A third party may be a beneficiary of a contract, and as a beneficiary has an enforceable right against Defendant State Farm to the contract.

24. Ms. Falcon performed all conditions precedent to her contract with Defendant State Farm.

25. As a direct and proximate result of the breach of the Contract by Defendant State Farm, Plaintiff has suffered monetary damages necessary to restore to them that which was lost by Defendant State Farm's breach, including but not limited to incidental damages, consequential damages and reliance damages, attorney fees and costs and any other damages in an amount to be determined at trial.

26. Defendant State Farm's acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

27. Pursuant to the parent's auto policy maintained through State Farm, the Plaintiff is entitled to Uninsured Motorist Coverage.

28. State Farm contests the amount claimed to be paid to the Plaintiff under the UM portion of the insured's policy.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for all special damages and general damages as determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees and costs, punitive damages, as well as an early mediation at Defendants' expense as set forth in NMSA 1978 §57-12-1 et seq, and for such other relief as the Court may deem just and proper.

DATED this 17th day of March, 2016.

                      ZEBAS LAW FIRM, L.L.C.
                      By: /s/Joseph M. Zebas
                            Joseph M. Zebas
                            P.O. Box 1675
                            Hobbs, NM 88241
                            (575) 393-1024
                            *Attorney for Plaintiff*